UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| Derek LeRoy McSmith | ) | CASE NO. 15-53684-BEM |
| | ) | |
| Debtor. | ) | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | | - - - - - - - - - - - - - - - - - - - - - - - - - |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | **CONTESTED MATTER** |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Derek LeRoy McSmith, | ) | |
| | ) | |
| Respondent. | ) | |

**EMERGENCY MOTION FOR RELIEF FROM STAY**

1.

Comes now Bank of America N.A., Movant and files this emergency motion for relief from the automatic stay of 11 U.S.C. §362(a). Movant is a secured creditor of Debtor, holding a security interest in real property located at 6852 Tara Oaks Drive, Riverdale, Georgia 30274 ("Property"). Upon information and belief, the Debtor is an heir of Fozzie McSmith, who was the actual borrower and owner of the Property.

2.

During the month immediately prior to Debtor filing this instant bankruptcy case, as a result of a continuous lengthy default under the security documents, Movant had advertised the property as provided by Georgia law for a non-judicial foreclosure sale scheduled for March 3, 2015. Movant has discovered that Debtor has filed a bankruptcy petition, which institutes the automatic stay of 11 U.S.C. §362(a).

3.

This is the fourth bankruptcy filing by the Debtor since October 31, 2012. He has filed the following cases:

1) 12-77060:  Filed October 212012 and dismissed January 30, 2013. Movant cancelled the 11/6/2012 foreclosure.
2) 13-59766:  Filed May 3, 2013 and dismissed August 6, 2013. Movant cancelled the 5/7/2013 foreclosure.
3) 14-56294:  Filed March 28, 2014 and dismissed July 7, 2014. An order granting dismissal pursuant to 109(g) was entered in this case.  Movant canceled the 4/1/2014 foreclosure.
4) 15-53584:  Filed February 27, 2015. A foreclosure is currently scheduled for March 3, 2015.

4.

Debtor has not filed any schedules as of March 2, 2015. However, if Debtor stay true to form, his schedules will show that he is currently unemployed or is seeking anticipated employment. This has been Debtor's modus operandi in the prior cases where he has failed to make any payments on the Note and, upon information and belief, he has made none to the Chapter 13 Trustee. He simply does not have the ability to prosecute a Chapter 13 bankruptcy successfully.

5.

The Promissory Note was executed by Fozzie McSmith (presumed mother of Debtor) on or about March 12, 2010. The original amount of the note was Forty Four Thousand Eight-Six Dollars ($44,086.00).  As of February 19, 2015, the approximate amount owed on the Note is Sixty Three Thousand Three Hundred Ninety- Nine Dollars and Sixteen Cents. ($63,399.16.) This amount includes an unpaid Principal Balance of $43,108.57; Interest of $7736.48; Bankruptcy Fees and Costs of $2075.00; Foreclosure Fees of $7422.19.

6.

The loan is currently due for the November 1, 2011 payment making it forty (40) payments behind. The last payment received was around January 28, 2013.

7.

Based on the prior cases, it is evident that Debtor is simply attempting to thwart Movant's

statutory rights to foreclosure on the Property.  Therefore, Movant seeks modification of the automatic stay of 11 U.S.C. §362(a)  necessary to permit Movant to conduct the foreclosure sale of the real property as scheduled for March 3, 2015.

8.

Debtor filed his case pro se and Movant only has an email address to contact him with to provide notice of this motion.  Therefore, at approximately  1:44  p.m. on March 2, 2015 , Movant's attorney notified by email the Debtor this motion was being prepared. (attached is email correspondence Movant's attorney to Debtor. Debtor used this email to send correspondence to to an employee at Phelan Hallinan Diamond and Jones, PLLC.) At approximately 2:52 p.m., Movant emailed a copy of the Motion and the attached Order and Notice to Debtor and the Chapter 13 Trustee's Staff Attorney .Movant's attorney attempted to make contact via the phone number on Debtor's email correspondence, however, he did not answer and he does not have a voicemail setup according to his message.

WHEREFORE, Movant prays:

(a)     That the automatic stay be terminated Movant to conduct the foreclosure sale of Debtor's real property as scheduled, and

(b)     For such other and further relief as this Court deems just and proper.

This the 2nd day of March, 2015.

/s/ _____
Ryan Starks
Georgia Bar No. 676512
Phelan Hallinan Diamond & Jones, PLLC
11675 Great Oaks Way, Suite 375
Alpharetta, GA 30022
Tele: 770-393-4300 ex 60024
Attorney for Bank of America